### PAT MITCHELL v. THE STATE.

#### No. 3810.   Decided November 10, 1915.

**1.—Misdemeanor—Theft of Check—Insufficiency of the Evidence.**

Where defendant was charged with stealing a certain check of the value of $31, and the evidence did not show that he stole the check, or that he knew at the time when he received it that there was anything wrong about it, until he was overtaken by a messenger whom he informed that he would return and pay the prosecutor the difference between the amount of the check and what he really owed him, but failed to return and do so, the conviction could not be sustained.

**2.—Same—Theft, Definition of—Original Taking.**

Where, upon trial of theft of a check, the evidence showed that defendant came into possession thereof by lawful means, and if there was any fraudulent intent on the part of the defendant that it was subsequently formed, he could not be convicted of theft, as the fraudulent intent must exist at the time of the taking.

**3.—Same—Partnership—Rule Stated.**

If the defendant was part owner of the alleged stolen check, the taking does not come within the definition of theft, unless the person from whom it was taken was wholly entitled to its possession at the time.

Appeal from the County Court of Tom Green. Tried below before the Hon. Oscar Frink.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of misdemeanor theft, his punishment being assessed at a fine of $50 and thirty days imprisonment in the county jail.

Substantially, the evidence is that appellant sold the Caldwell Bros.

some pecans. Appellant knew nothing about the weight, and, of course, was ignorant as to the amount of money that the Caldwell Bros. would owe him, except from Caldwell's statement. Caldwell's statement was that the pecans weighed a few pounds over 200. He wrote out a check and handed it to appellant, who took it and went away. This check was written for $31. After appellant had gone away with the check Caldwell sent a boy to notify him, appellant, of the fact that he, Caldwell, had made a mistake in the check, and with the request that he return it so it could be corrected. The boy overtook appellant before he reached the bank and mentioned the matter to him. Appellant said all right, he would return and pay him the difference. Appellant did not seem to know anything about it further than as shown by the check as to the amount, and he was not informed by Caldwell, it seems, as to what amount of the $31 was a mistake in writing the check. Caldwell said, however, that the check was intended to be written thirteen and he transposed the figures and made it thirty-one. Of this, however, appellant knew nothing or there was any mistake until after he was informed by the boy. It was not called to his attention. He cashed the check and did not return to Caldwell to settle the matter with him. He was convicted for the theft of the check. The evidence does not support this finding. There was nothing to indicate he stole the check. It was handed to him by Caldwell. He did not know at the time he received it and went away with it there was anything wrong about it, and did not know until the boy overtook him. So he came into possession of it by lawful means. If there was ever any fraudulent intent on the part of appellant it was subsequently formed. That could not relate back and make the acquirement of the check a fraudulent taking. The fraudulent intent must exist at the time of the taking. This is so by all the authorities. To relieve this proposition it must be shown that at the time he obtained possession of the check it was done by some fraudulent pretext or device. Caldwell's testimony for the State excludes this as does the defendant's testimony. There were no representations by appellant one way or the other. He took Caldwell his pecans, turned them over to Mr. Caldwell, who weighed them and settled on his own weights, appellant having nothing to do with it, and did not know what they weighed, nor did Caldwell inform him. Mr. Caldwell wrote out the check and handed it to appellant. He put it in his pocket and went away. There is another proposition involved in this matter also: If the defendant be part owner of the alleged stolen property, the taking does not come within the definition of theft, unless the person from whom it was taken be wholly entitled to the possession at the time. See Mr. Branch's Crim. Law, sec. 771. A kindred thought to this in the law of theft is found in the fact defendant can not steal his own property, unless somebody else is lawfully entitled to and in possession of the property as against the defendant's right to have it. In this case the State makes it definitely clear, and there is no controversy about the proposition, that defendant was entitled to part of the check, and, therefore, from that viewpoint a part owner in it, and

it was his property to that extent, and he was in no way responsible for the condition of the thing, but Mr. Caldwell, the State's alleged injured party, was responsible for the matter. He was part owner and necessarily interested, and had a right to his part of it, and not having obtained it in any surreptitious way, this conviction can not be sustained.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*