J. W. STOVER v. THE STATE.

No. 18772.   Delivered March 10, 1937.
Rehearing Denied April 28, 1937.

The opinion states the case.

*J. C. Darroch* and *E. M. Davis,* both of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was indicted for murder and upon his trial was convicted of negligent homicide, and his punishment was assessed at confinement in the county jail for a term of one year.

The testimony, briefly stated, shows that on the night of July 27, 1935, the appellant and three of his cousins attended services at the Wolf Valley Church; that after the conclusion of the services they started in a coupe to Bill Weatherman's home, a distance of several miles from said church. Appellant was doing the driving when they drove upon and over the person of Frank Davis and dragged him a distance of approximately one hundred forty or one hundred fifty feet before they stopped and backed their car off of him. They left him lying in the road and went to summon aid. They drove to Weatherman's home and from there returned to the scene of the accident and discovered that Davis was dead.

Bill of exception number one reflects the following occurrence. During the cross-examination by appellant's counsel of Stanley Smoot, one of the occupants of the automobile, he was asked whether there was any ill feeling on the part of any of them against Mr. Davis, the deceased,—to which the witness replied, "No sir." The State objected to said testimony on the ground that said witness could not answer for anyone but himself and his answer for the others was but a conclusion. The court sustained the objection and instructed the

jury not to consider the question and answer thereto. It appears from the record that the court's ruling could not have injuriously affected the appellant's rights inasmuch as the jury found him guilty of negligent homicide which embraces two elements: first, an apparent danger of causing the death of the person killed; and second, that there was no apparent intention to kill. Therefore, motive, malice, or intent to kill passed out of the case and the error complained of became harmless. Moreover appellant testified that he and deceased had been friends and no enmity was shown on the part of appellant towards the deceased.

Appellant urged a number of objections to the court's charge and requested a number of special charges, some of which the court gave. All objections to the court's charge on murder and aggravated assault and all special requested charges relating thereto having passed out of the case, we need only consider the objections to the court's instructions on the law of negligent homicide and the special requested instructions relating thereto. Appellant complains because the court declined to submit his special requested charge number two which reads as follows:

"In this case, if you find and believe from the evidence that defendant J. W. Stover did not stop his car as quickly as it could have been stopped under the circumstances but you further find from the evidence, or have a reasonable doubt thereof, that his failure to so stop the car was due to excitement caused by running over and upon the deceased, then, in such event you will find defendant not guilty and so say by your verdict."

It is obvious from the foregoing instruction that even though appellant was guilty of negligence in the first instance in striking and killing Davis, yet if after he struck and killed him he became excited and by reason of his excitement did not stop his car as quickly as it could have been stopped, he was entitled to an acquittal. The requested charge was incorrect and the court's refusal to submit the same was not error.

Appellant next complains because the court declined to submit his special requested charge number four which was an instruction on contributory negligence. The rule of contributory negligence has never been given application in this State in negligent homicide cases. See Vasquez v. State, 52 S. W. (2d) 1056; R. C. L., Vol. 2, p. 1212.

Appellant next complains because the court declined to give

his special requested charge number five. Looking to the court's main charge we find that the court in his charge instructed the jury almost in the identical language contained in the appellant's said requested instruction.

Appellant also complained of the court's action in declining to give his special requested instruction numbers seven and eight. We do not believe the court committed any error in this respect because under said instruction the jury could not have found the defendant guilty of negligent homicide unless they found he intentionally failed to exercise that degree of care and caution in the operation of his automobile as an ordinary prudent person would have exercised under the circumstances. Appellant evidently intended the words intentionally and negligently to mean the same thing. Such might have confused the jury because if he ran upon him intentionally and killed him, he might be guilty of murder; whereas if he did it in a negligent manner, he would be guilty of negligent hnmicide.

All other matters complained of have been thoroughly considered by us and deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion appellant renews complaint of the refusal of his special charge No. 4, which is as follows:

"Gentlemen of the Jury: If you find from the evidence in this case that the deceased Davis was either lying or standing in the road at the time he was struck and killed, if he was, by defendant's automobile; then, in determining whether or not the defendant is responsible for such killing you are instructed that the defendant had the right to rely upon the belief that said Davis would act as an ordinarily prudent person would act for his own safety under the circumstances, and had the right to believe that said Davis would get out of the way of his, the defendant's on-coming car, in time to avoid injury, and in this connection you are further instructed that if the defendant did not discover the apparent intention of the de-

ceased Davis, to remain in the road, in time to prevent a collision with said Davis, then, in such event the defendant would not be guilty of any offense, and you will find him not guilty." There are no facts in this record calling for the giving of such a charge. No witness testified that appellant was acting upon any belief that deceased would or could get out of the way before he was struck by appellant's car; nor do the facts make the guilt of appellant dependent alone upon whether the collision could have been avoided. The doctor testified that the ribs and chest of deceased were crushed, and that this caused his death. Deceased was dragged under the car, after being struck by the automobile, a distance said by a man, who measured the prints of the dragging, to be more than one hundred and fifty feet. The brakes of appellant's car were shown to be in good condition. The road where the collision occurred was sandy and not slippery. The car was making more than thirty miles an hour at the time. The refusal of the charge complained of was not erroneous.

Special charges 7 and 8 were refused, and this is urged as error in the motion. Said charges sought to have the jury told that unless they found from the evidence that appellant intentionally failed to exercise that degree of care and caution in the operation of his car, which an ordinarily prudent person would have exercised, they should acquit. We are not able to agree with appellant that there can be in law such a thing as intentional negligence. The two words do not fit in the same legal picture. Their parentage is not from the same line, though their offspring may resemble. A wicked purpose rising to the dignity of intent begets malice, whose child is murder of grievous type. Negligence,—exhibiting itself in want of care, neglect of duty, failure to observe, lack of prudent regard for the rights of others,—may hurt more men and things, but lacking the element of intent commits a crime not punished so severely at the hands of the law. We could not agree with appellant that either of said special charges presented a correct proposition of law. It is certain that if this jury had believed beyond a reasonable doubt that appellant intended the murder of deceased, they should have found him guilty of murder with malice.

We again say that since the conviction was for negligent homicide, we see no possible harm which could come to appellant from what he claims was an erroneous charge on murder. Appellant was not convicted of the graver offense, nor was

there anything in said paragraph of the charge which could have induced or caused the jury to convict of negligent homicide.

Appellant as a witness admitted that he saw,—when some distance away,—that the object which he was about to strike with his car was a man; and claimed that he did his best to stop his car, but evidently the jury did not believe him, and the proof showed without dispute that appellant drove his car a distance estimated at from seventy-five to a hundred and fifty feet with deceased under the car, and that he then put his car in low gear and pulled it to one side across the road while deceased was still under the car. The testimony further showed that after doing this appellant put his car in reverse and backed it off of the body of deceased, turned it around and drove back up the road in the direction from which he had come. No one got out of the car to see how badly hurt deceased was. There were nearby houses, one of which was the home of deceased, and no visit was made to these to get aid or to report the occurrence. The facts showed that after the party had gone some distance back up the road from the scene of the collision, they met a man going down in that direction and told him there was a man in the road who had been run over.

If the jury believed the testimony of the doctor to the effect that deceased was crushed to death, they were justified in their verdict and we would have no right to reverse the case for lack of evidence supporting the judgment of guilty of negligent homicide.

Not being able to agree with appellant's contentions, the motion for rehearing is overruled.

*Overruled.*