## N. W. BISCAMP V. THE STATE.

No. 21679. Delivered June 27, 1941.
Rehearing Denied October 15, 1941.

The opinion states the case.

*D. F. Sanders* and *J. A. Veillon,* both of Beaumont, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Negligent homicide of the second degree is the offense; the punishment, 60 days in jail.

The death of deceased was the result of an automobile collision. The information contained two counts. The misdemeanors constituting the negligence were, respectively: the operation by appellant of his auutomobile upon a public highway, at a rate of speed in excess of 45 miles per hour, and the driving and operation of his automobile on the left-hand side of the highway when and at a time said left-hand side was not clear and unobstructed for a distance of at least fifty yards ahead. Both counts were submitted to the jury and a general verdict finding appellant guilty was returned. This was in keeping with precedent, and appellant's contention to

the contrary is overruled. Byrd v. State, 235 S. W. 891, 90. Tex. Cr. R. 418.

The facts show that appellant, while attempting to drive his automobile around and to pass another going in the same direction, struck or collided with an oncoming car. A general collision of several cars occurred, resulting in the death of the deceased.

According to the witnesses for the State, the appellant's car was travelling at a rate of speed far in excess of 45 miles per hour when he attempted to pass the car; also that at such time when he so attempted to pass the car, he drove his car onto the left side of the highway and in the path of an oncoming car, which, at the time, was less than fifty yards away.

The State's testimony was ample and sufficient to authorize the conviction.

Appellant, testifying as a witness in his own behalf, said:

"At the time of this collision on the Port Arthur road that night I was driving my car and I started around an automobile when this happened, driving about forty miles an hour. I looked before starting around this automobile and there was one car coming but it looked like it might have been one hundred and fifty or two hundred yards down the road and I thought I had ample time to go around this car. I could see but it was misting rain.

"I didn't get around this car because this car I started around it seems as though it speeded up right about the time I started around and so this other car coming pretty fast, well, I just didn't make it. My front fender caught on the back end of this other car I was meeting and turned me, turned my car, that is it knocked the front end out of line so it was pulling back to my left."

Appellant contends that such testimony raised the defense of accident and that the jury should have been instructed upon the theory of accident. The facts did not raise such issue. Appellant, by his own testimony, admitted that he attempted to pass the car, believing that he could get by, and that he "just didn't make it." There was nothing accidental about what appellant did or intended to do in attempting to pass the car at the time, place and under the circumstances that he did.

Appellant complains of the failure of the trial court to give his special requested charge, the effect of which was to acquit appellant if the jury believed that the collision was the result of the speed of the car which he was attempting to pass, oɪ the speed of the car he was meeting. Such a charge would have had the effect of making contributory negligence a defense to negligent homicide, which, this court has held, is not authorized. Vasquez v. State, 52 S. W. (2d) 1056, 121 Tex. Cr. R. 478; Stover v. State, 104 S. W. (2d) 48, 132 Tex. Cr. R. 356.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Under the charge in the information it was alleged that appellant was guilty in two separate instances of negligence; that is he was exceeding the legal speed limit at the time of the accident, and also that he was driving upon his left-hand side of the highway where the same was not clear and unobstructed for at least fifty yards ahead of him. He was not primarily charged with a homicide; he was charged with violating two misdemeanor statutes, which was negligence per se, and because of such violations he was charged with causing the death of Mrs. Gladys Stanley, the offense being denominated negligent homicide.

The death of Mrs. Stanley was caused by an accident, of course, otherwise the charged offense would have been much more serious. But the matter presented to the jury was relative to the two charged misdemeanor acts, and were they the cause of Mrs. Stanley's death? Appellant denied that he committed either misdemeanor act. The State offered proof to the contrary, and such proof was given credence by the jury.

We do not think it was necessary for the trial court to give the appellant's requested charge on accident, nor upon the theory of contributory negligence of the further parties to the collision, such not being a defense, as shown in our original opinion.

The motion is overruled.