THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v*. JUAN GUADALUPE SOLÍS, Defendant and Appellant.

No. 9918. Argued June 3, 1943.—Decided June 18, 1943.

252

*Adolfo Dones Padró* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

Juan Guadalupe Solís was accused and convicted of involuntary manslaughter in that, while driving an automobile, he struck and killed a child. He was sentenced to four months in jail by the district court, and has appealed to this court.

The testimony was that the child, who was six years old, was going to Camuy in a public bus; that the bus stopped to let off several passengers, among them the victim, her uncle and her mother; that the conductor took the victim and placed her on the road, near her uncle; that the child tried to cross the road, whereupon she was struck by the delivery truck which was being driven by the defendant in the same direction as the bus was traveling, and was thrown to the side of the road; that the delivery truck continued for 50 or 60 meters, climbed up an embankment and crashed against a tree, which was knocked down by the force of the crash. The People's witnesses testified that the accused was driving at a high speed and that he did not blow his horn. The only witness for the defendant testified that he was driving 20 miles per hour, and that he had blown his horn.

██ The defendant contends that the lower court erred in refusing to permit evidence to be introduced to show the negligence of the uncle of the victim. But the rule is well established that "A homicide caused by the culpable negligence of the defendant is manslaughter, whether the de-

ceased's failure to use due care contributed to the accident or not." Warren on Homicide, §121, p. 546. Contributory negligence, in short, is not a defense as such against a criminal charge of negligent homicide. *The People* v. *Francis,* 19 P.R.R. 659; *Biscamp* v. *State,* 154 S. W. (2d) 466 (Texas, 1941); *Click* v. *State,* 164 S. W. (2d) 664 (Texas, 1942); *State* v. *Leopold,* 147 Atl. 118 (Conn., 1929). As pointed out in *The People* v. *Francis, supra,* the negligence of the victim would exculpate the defendant from criminal liability only if the negligence of the former were the sole cause of his death. But if the government establishes criminal negligence on the part of the defendant, the contributory negligence, if any, of the victim, unlike the situation in a civil suit for damages, does not bar criminal prosecution of the defendant. In addition, the defendant herein, instead of relying on the alleged negligence of the victim, sought to impute to her the alleged contributory negligence of her uncle. Even if the rule as to contributory negligence in criminal cases were different, it is difficult to see how the defendant could take advantage of it under any such theory.

■ The defendant complains that the lower court erred in refusing to permit counsel to argue to the jury that, by virtue of an incident at the trial hereinafter noted, the jury should presume, as to certain evidence wilfully suppressed by the district attorney, that such evidence would have been adverse to the government if it had been produced (§464, Code of Civil Procedure, 1933 ed.). The incident arose in the following manner:

"District Attorney: Or the degree of veracity. Your Honor, The People have two witnesses left to testify, Andrés Rodríguez and Marcos Sergio Hernández. This is cumulative testimony. The People places the two witnesses at the disposal of the defense and closes its case.

"Attorney Mr. Dones Padró: Do you waive it or not?

"Judge: He waives presenting on the ground of cumulative testimony."

This episode is obviously controlled by our language in *People* v. *Dones,* 56 P.R.R. 201, 10, 11 that "The waiver of evidence of a cumulative character is not the wilful suppression of evidence referred to in the statute. It is not the duty of the district attorney to submit all the evidence at his disposal to support the charge. Where, in his opinion, a fact is sufficiently shown, he may waive the rest of the evidence at his disposal to establish the same fact. And if he does it expressly and openly, in the presence and with the consent of the court and without objection on the part of the defendant, such waiver does not create any presumption at all against him. If the defendant had reasons to think that the testimony of the witnesses waived by the district attorney would have favored him, he could have called them to the stand as witnesses for the defendant." The lower court therefore did not err in refusing to allow defendant's counsel to comment to the jury in the manner indicated.

■ We need not consider the alleged errors in the instructions of the lower court to the jury, as the defendant did not object to the instructions or any portion thereof at the trial. Having failed to give the district court an opportunity to correct the mistakes, if any, therein, he cannot raise this question on appeal. *People* v. *Mediavilla,* 54 P.R.R. 538; *People* v. *Martínez,* 50 P.R.R. 744. We have nevertheless examined the charge to the jury as a whole and find nothing in it of which the defendant can legitimately complain.

■ The defendant finally contends that the jury erred in weighing the evidence. We conclude, after an examination of the record, that the evidence adduced by the government amply justified the verdict. Indeed, it is our view that the lower court, under all the circumstances, was extraordinarily lenient in imposing a sentence of four months for a crime of this nature.

The judgment of the district court will be affirmed.

Mr. Chief Justice Del Toro did not participate herein.