## W. C. WALTERS V. THE STATE.

No. 23734. Delivered June 28, 1947.
Rehearing Denied October 22, 1947.

*John Davenport,* of Wichita Falls, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a case of negligent homicide of the second degree; the punishment, confinement in the county jail for ninety days.

The unlawful act relied upon as constituting the offense charged was the operation of a motor vehicle in an incorporated city at a greater rate of speed than thirty miles per hour.

The proof shows that appellant, while driving his automobile upon a public street in the city of Wichita Falls at a high rate of speed estimated at fifty or sixty miles per hour, struck the deceased, hurling the body about seventy feet away—as a result of which death ensued a short time thereafter.

The defensive theory was that the death of the deceased was the result of an unavoidable accident and contributed negligence on the part of the deceased, and not due to any negligence on the part of the appellant.

The facts amply support the jury's conclusion of guilt.

The only errors here asserted relate to the refusal of special requested charges, among which was a charge presenting the defense of contributory negligence on the part of the deceased which was refused.

Contributory negligence is not a defense to the crime of negligent homicide. Stover v. State, 132 Tex. Cr. R. 356, 104 S. W. (2d) 48; Biscamp v. State, 142 Tex. Cr. R. 401, 154 S. W. (2d) 466.

The matters presented in the other charges requested appear to have been sufficiently presented in the trial court's charge.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.

#### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant in his motion for rehearing reiterates his contentions made on the original submission of the case. We have again reviewed the record in the light of his motion, but remain of the opinion that the case was properly disposed of on original submission.

The motion is overruled.

Opinion approved by the Court.