Roy Herbert DELK, Appellant,

v.

The STATE of Texas, Appellee.

No. 35731.

Court of Criminal Appeals of Texas.

May 1, 1963.

Rehearing Denied June 12, 1963.

Clayton, Martin & Harris, Amarillo, for appellant.

Naomi Harney, County Atty., Richard W. Brainerd and Nolan K. Read, Jr., Asst. Dist. Attys., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for negligent homicide in the second degree; the punishment, a fine of $250.

The prosecution grew out of an automobile collision, in the city of Amarillo, between a "1952–1953" pickup truck driven by appellant and a Chevrolet automobile driven by Mrs. Mae Threlkeld Pace, the deceased. The collision occurred at the intersection of Buchanan Street and South East Fifteenth Avenue. At the time, appellant was driving north on Buchanan Street and Mrs. Pace was driving her vehicle west on Fifteenth Avenue. In the collision Mrs. Pace received certain injuries, from which she died.

The information was in two counts, which alleged separate unlawful acts by appellant in the operation of his vehicle at the time of the collision.

In the first count it was alleged that upon arriving at the intersection, appellant failed to stop in obedience to a stop sign erected on Buchanan Street, before driving his vehicle into the intersection.

The second count alleged that appellant failed to yield the right-of-way from the stop sign at the intersection to the automobile driven by the deceased, which was proceeding along and upon a through street, approaching the intersection from another direction so closely as to constitute an immediate hazard.

The two unlawful acts appear to have been alleged under the provision of Article 6701d, Sec. 73(b), V.A.C.S., which reads:

"The driver of a vehicle shall likewise stop in obedience to a stop sign as required herein at an intersection where a stop sign is erected at one or more entrances thereto although not a part of a through highway and shall proceed cautiously, yielding to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard, but may then proceed."

Both counts were submitted to the jury by the court, and a general verdict was returned by the jury finding appellant guilty as charged.

At the trial the state called, among other witnesses, city officers B. H. Anderson and James T. Carver, who went to the scene of the collision and investigated the accident. From their testimony it was shown that the point of impact between the two vehicles was at approximately the center of the intersection. Anderson placed the point of impact in the center and Carver placed the point five or five and one-half feet north of center. After the impact, the Chevrolet automobile driven by the deceased spun completely around and remained in the intersection. There was extensive damage to the front of the vehicle which was described as partially impact damage and partially drag damage. The appellant's pickup, after impact, traveled in a northwest direction across a curb and came to rest in a yard. It had been struck on the right fender behind the bumper. Neither vehicle made skid marks prior to impact but there were skid marks from the point of impact to where each vehicle came to rest. It was shown that both Buchanan Street and Fifteenth Avenue were 32 feet wide.

In response to questions by appellant on cross-examination, Officer Anderson testi-

fied that in his opinion the pickup was traveling 20 or 25 miles per hour at the time of the collision.

Testifying as a witness in his own behalf, appellant admitted that he was driving the pickup on the occasion in question but swore that he did stop at the stop sign before the collision. He stated that after he had stopped and was proceeding north at between five and six miles per hour he observed the deceased about 100 to 125 feet away, approaching the intersection and driving on her left side of the road at a speed of between 40 to 45 miles per hour.

Appellant's main contention on appeal is that the evidence is insufficient to sustain the conviction.

He first insists that the court erred in permitting Officer Carver to express his expert opinion with reference to the relative speed of the two vehicles at the time of the collision by testifying that, based upon his past experience, his examination of the scene of the collision, the vehicles involved, and their path of travel after impact, the appellant's pickup was traveling as fast or faster than the deceased's automobile at the time of the collision and to further testify, based upon his investigation of the collision and his opinion as to the relative speed of the vehicles, that in his opinion the appellant's pickup did not completely stop at the stop sign prior to the collision.

It is appellant's contention that the evidence is insufficient to sustain the conviction because the state failed to produce any direct testimony that he failed to stop at the stop sign or to yield the right-of-way and that his conviction rests solely upon the presumption or conclusion drawn by Officer Carver, based upon another presumption—which is unauthorized.

We need not pass upon the admissibility of Officer Carver's opinion-testimony with reference to the relative speed of the two vehicles and his opinion that appellant did not stop at the stop sign, in view of the prior testimony elicited from Officer Anderson by appellant on cross-examination, when Officer Anderson expressed his opinion that appellant's pickup was traveling between 20 and 25 miles per hour at the time of the collision.

■ We find the evidence sufficient to sustain the conviction.

■ The opinion-testimony elicited by appellant from Officer Anderson that his pickup was traveling between 20 and 25 miles per hour at the point of impact—which was between 16 and 21 feet from the stop sign, was sufficient to warrant a finding by the jury that appellant did not stop at the stop sign.

■ Appellant's own testimony that after he stopped at the stop sign and was proceeding north at five or six miles per hour he observed the deceased, 100 to 125 feet away, approach the intersection at a speed of 40 to 45 miles per hour was sufficient to warrant a finding by the jury that he failed to yield the right-of-way to the deceased's vehicle which was approaching the intersection from another direction so closely as to constitute an immediate hazard. There is an absence of any proof that appellant applied the brakes of his pickup prior to the collision.

The appellant's conviction does not, as contended by him, rest solely upon a presumption based upon a presumption, but is supported by direct evidence that is sufficient to support the jury's verdict.

■ We find no error in the court's refusal to give appellant's requested charge which would have instructed the jury to acquit him if they believed from the evidence that the deceased was driving on the left-hand side of the road prior to the collision. Such an instruction would have submitted an issue of contributory negligence, which is no defense to a charge of negligent homicide. Biscamp v. State, 142 Tex.Cr.R. 401, 154 S.W.2d 466.

The judgment is affirmed.

Opinion approved by the court.