R. P. Strickland v. The State.

No. 13341.   Delivered June 4, 1930.
Rehearing denied October 15, 1930.
Reported in 31 S. W. (2d) 437.

The opinion states the case.

*Alvin M. Owsley* of Dallas, and *Owsley & Owsley* of Denton, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is murder; the punishment, confinement in the penitentiary for life.

Only one question is presented.   Appellant challenges the sufficiency of the evidence.   We are unable to agree with the contention that the jury were not warranted in concluding that the killing of R. L. Williams by appellant was upon malice aforethought.

It appears from the testimony that deceased, who had become drunk, had gone to appellant's home for the purpose of sobering up.   While there he and appellant had a difficulty.   Appellant shot deceased and dragged his body behind his automobile to a point in appellant's pasture, where the body was later found.   Appellant testified that deceased attacked him without provocation on his (appellant's) part, and that believing his life was in danger, he procured a pistol for the purpose of defending himself.   He said that in the difficulty that ensued the pistol was discharged.   He denied

that he intended to kill deceased and testified that they had always been good friends.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

· ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—There are several counts in the indictment. The first charged that the appellant killed Williams by shooting him with a pistol; the second, that he killed Williams by shooting him with a gun; the third, that he killed Williams by shooting him with a gun and dragging him behind an automobile; the fourth, that he killed Williams by dragging him behind an automobile; and fifth, that he killed Williams by shooting him and dragging him behind an automobile.

Two counts were submitted to the jury, namely: that of killing by shooting with a pistol; and that of shooting with a pistol and dragging behind an automobile.

At the request of the appellant, the jury was told that if the accused dragged the deceased behind an automobile after he was dead, the dragging could be considered for no purpose except as bearing upon the condition of the mind of the accused at the time.

Several special charges were given. One of them contains the following:

"If you find from the evidence beyond a reasonable doubt that the defendant did voluntarily shoot and kill the deceased, R. L. Williams, with a pistol but not in his own self-defense, and if you further find that at the time the defendant so shot and killed the deceased, if he did do so, the said R. L. Williams had made an assault upon the defendant, inflicting pain and bloodshed and that thereby there was aroused in the mind of the defendant a sudden degree of rage, fear or resentment, rendering his mind incapable of cool reflection, and that under the influence of such sudden passion and not in his own self-defense the defendant shot and killed the deceased, then the punishment, if any, you can assess against the defendant, cannot exceed confinement in the penitentiary for a period of five years."

A general verdict was rendered. There are no exceptions to the charge.

In his motion for rehearing the appellant, upon the authority of Modica v. State, 251 S. W. 1049; Smith v. State, 292 S. W. 879; Yeager v. State, 294 S. W. 202; Venturi v. State, 272 S. W. 212, contends that there being no designation of the particular count upon which the verdict is based, the court was without authority to enter a judgment. The cases apply a sound rule, namely, where plural counts charging separate felonies have been submitted to the jury and a general verdict returned assessing more than the minimum punishment and with the judgment following the verdict, that reversals have resulted. See Wooten v. State, 15 S. W. (2d) 635. Numerous illustrations of the rule will be found in the case mentioned. Among them are Huffhines v. State, 94 Tex. Cr. R. 292; Knott v. State, 93 Tex. Cr. R. 239; Wimberley v. State, 94 Tex. Cr. R. 1, and many others. The present case is one in which the pleader, in several counts, charged the same offense. The fact that the pleader, in charging the offense of murder, embraced separate counts differing as to the manner of committing the offense, a judgment rendered upon the general verdict does not necessarily demand a reversal. See Byrd v. State, 90 Tex. Cr. R. 418. The principle has been applied in numerous cases cited by Mr. Branch in his Ann. Tex. P. C., sec. 444. See Dill v. State, 1 Tex. Ct. App. 278, and numerous others.

The motion is overruled.

*Overruled.*