Everett McArthur v. The State.

No. 18931.    Delivered April 7, 1937.
Rehearing Denied May 12, 1937.

448

The opinion states the case.

*Bradley & Wilson,* of Lubbock, and *L. G. Mathews,* of Floydada, for appellant.

*Hamilton & Hamilton,* of Matador, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of murder and his punishment was assessed at confinement in the state penitentiary for a term of three years.

The indictment is in three counts. The first charged that Everett McArthur killed Ben Speegle by choking him with his hands. The second count charged that he killed Ben Speegle by striking, pounding, and stamping him with his feet. The third count charged that he killed Ben Speegle in some way and manner and by some means, instruments and weapons to the grand jury unknown. The court submitted the case to the jury on the first and second count only. The testimony, as we understand it, sustains the allegations under both counts.

Appellant's first complaint is that the court erred in permitting E. H. Thornton to testify that he was present at the tourist camp on the occasion in question; that he saw a V-8 Ford car parked some twenty or thirty feet from cabin number seven; that someone in the car asked him to give them a push; that he bumped into their car and moved it ten or fifteen feet when one of them said, "It is no use, we haven't the keys"; that the person who said that was a slender fellow in his shirt sleeves; that he had on a light shirt. Appellant objected to said testimony on the ground that it was a declara-

tion of a third party not shown to have been made in the presence of the defendant; that it was hearsay and prejudicial. The court qualified said bill of exception and in his qualification states that the testimony followed that of Harold Karr who testified that he parked his V-8 Ford car in front of cabin number seven; that he went to the gambling room and engaged in a game with dice; that while so engaged he was informed that someone was attempting to drive his car away; that he went to his car and found the defendant and Melvin Ensey on the front seat and Ben Speegle, the injured party, lying with his feet on the front seat and his body between the front and rear seats; that he assisted them in removing the injured party from his car; that they laid him under the shed adjoining the cabin. We think this testimony was admissible in view of the State's contention that appellant and his companion, Ensey, placed the injured party in the car with the purpose of disposing of the body. The description given by the witness of the person requesting that he be given a push fitted the appellant as he appeared on that night. The objection went more to the weight than to its admissibility.

The matter complained of in bill of exception number two relates to the admission of testimony similar in nature to that shown in bill number one and is overruled for the same reasons there stated.

By bills of exception numbers three, four, five, and six appellant complains of the testimony of Jack Price, Mrs. O. E. Raynes, O. E. Raynes, Jr., and Clyde Collins. Mrs. Raynes and O. E. Raynes, Jr., testified that they arrived at the tourist camp about six P. M.; that they engaged a cabin for the night; that while she was preparing the evening meal appellant came into her cabin uninvited; that she asked him to get out. He replied, "Your husband is a G— D— pimp"; that when he made said remark she threatened to throw hot grease upon him; that he dared her to do it saying that if she did, he would put a hole through her belly; that she sent her son to summon Mr. Speegle, the manager of the tourist camp; that when he came she informed him of appellant's conduct. Her son gave similar testimony. Jack Price testified that appellant came to the gaming room in an intoxicated condition; that he was quarrelsome and sought to provoke a difficulty with him, Price; that he informed appellant that Ben Speegle had threatened to call the officers if he did not behave himself; that he finally knocked the appellant down and with the aid of others carried him to cabin number seven and laid him on the bed.

Clyde Collins testified that appellant was drunk, quarrelsome, and sought to engage in a difficulty with him. It was the State's contention that Ben Speegle had been advised of appellant's conduct at and about the tourist camp and he reprimanded him, which incensed appellant and caused him to beat and stamp Speegle to death. It occurs to us that the testimony was admissible to show the condition of appellant's mind and tended to establish a motive on the part of appellant for the brutal beating of the deceased. It is a well recognized rule in this State that where motive, intent or the condition of the mind of the accused prior to the commission of an offense is an issue, the acts, words and conduct of the defendant are admissible though they show the commission of an extraneous offense. See Holmes v. State, 20 Texas Crim. Rep., 509 (511); Branch's Anno. P. C., Section 2347. The court qualified said bills and in his qualification states that the testimony was admitted on the grounds that it tended to show a motive for the commission of the alleged offense and showed the condition of appellant's mind. The court in his charge limited the testimony to the purpose for which it was admitted.

Appellant contends that the court erred in failing to give a charge on circumstantial evidence. If the case depended entirely upon circumstantial evidence, then appellant's contention would be correct. But in the instant case Harold Karr and Argie Thompson testified that appellant admitted that he inflicted the injuries upon the deceased which resulted in his death. Where there is direct evidence from any source that defendant killed the deceased or inflicted injuries upon him which resulted in death, a charge on circumstantial evidence is not required because the intent with which the homicide is committed is to be inferred from circumstances. This seems to be the holding of the following cases: Rowan v. State, 260 S. W., 591; Russell v. State, 38 Texas Crim. Rep., 590, 44 S. W., 159; Alexander v. State, 40 Texas Crim. Rep., 395 (407); Strickland v. State, 161 S. W., 110; Herrera v. State, 170 S. W., 719; Heard v. State, 24 Texas Crim. Rep., 103 (111); Smith v. State, 28 Texas Crim. Rep., 309 (315); Gantt v. State, 105 S. W., 799.

Appellant also complains of the court's charge which limited the testimony of the witnesses Price, Raynes, and Collins. While the charge might have been phrased in more definite and explicit language, it is deemed sufficient to guard the jury against a consideration of it for any other purpose than that for which it was admitted.

Appellant also contends that the verdict is fatally defective in that the jury found him guilty under both, the first and second counts of the indictment, without allocating their verdict to either count; and cites a number of cases which hold that where there are two counts in an indictment each charging a different offense that the accused could not be convicted of two felonies. We are in accord with said holding, but in the instant case the defendant was not charged with separate and distinct offenses in each count. The means of committing the one offense, to-wit: murder, were charged in different counts. All the means by which the offense was committed could have been charged in one count of the indictment without being duplicitous. The testimony showed that deceased's throat was swollen; that there were scratches on his neck and finger nail marks on his face. His tongue was practically swollen out of his mouth. His wind-pipe was fractured to such an extent that it greatly impeded his breathing and his lower jaw was fractured in two places. Several vertebrae in the neck were dislocated. Appellant's shirt, shoes, and trousers cuff bore evidence of human blood. Therefore, both means as charged in the first two counts in the indictment were strongly supported by the testimony. Most of the cases cited by appellant are cases where theft and burglary are charged in different counts or where theft is charged to have been committed by taking property from different owners. Of course, in such cases where the jury found the defendant guilty under both counts the verdict was clearly erroneous. In the case of Lovejoy v. State, 48 S. W., 520, the jury returned a verdict on an indictment which contained two counts without stating in their verdict on which count they found him guilty. The court applied the verdict to one of the counts and it was upheld by this court. The court intimated in that case that the jury having found the defendant guilty on two or more counts without specifying which count was equivalent to finding him guilty of each and every count in the indictment, and the court, therefore, was at liberty to enter a judgment on any one of the counts which he found to be sustained by the evidence. In that case the jury did exactly what was done in the instant case, that is, found him guilty on all counts. The only difference is that in this case the jury expressly said so while in the case of Lovejoy v. State, supra, it failed to state that they found him guilty under all counts. See also Strickland v. State, 31 S. W. (2d) 437; and Byrd v. State, 90 Texas Crim. Rep., 418. Under the charge in the indictment and the facts

proven we find ourselves unable to agree with appellant, and, therefore, overrule his contention.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing on three grounds, first, that we erred in holding admissible the testimony of Mr. and Mrs. Raynes, Mr. Collins and Mr. Price. We said in our opinion this testimony was admissible as showing the condition of appellant's mind and to show motive. It seems sufficient to say that the testimony of each of said witnesses served to show that at the time of and immediately before the killing appellant was quarrelsome and made threats against people who were apparently strangers to him; that he attacked Price, and invaded the cabin in a tourist camp occupied by the Raynes, cursed and used abusive language to people who were apparently doing nothing to him, so that the occupants of said tourist cabin had to eject him and send for deceased and report the disturbance. Deceased was proprietor of said tourist camp, and came when the complaint of appellant's conduct was made to him. We still think all this admissible as showing appellant's state of mind. Art. 1257a, Vernon's Texas Statutes, 1936, provides specifically that in all prosecutions for felonious homicide the State as well as the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing * * * together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of such homicide. The matters and things referred to in said bill of exceptions occurred but a short time before the bruised and beaten body of deceased was found in a car in his tourist camp, in which car also were appellant and another. Said last named parties apparently were trying to get said car started. The acts and circumstances in the cases of Whiteside v. State, 12 S. W. (2d) 218; Glover v. State, 69 S. W. (2d) 136, and Lawrence v. State, 82 S. W. (2d) 647, cited by appellant, were wholly different and inapplicable to the situation in the case

before us, and lead us to think those cases not available as precedents against our conclusion in this case.

We have again reviewed the facts and adhere to our announcement that appellant admitted to Karr and Thompson that he inflicted the injuries upon deceased,—which admission removed the case from the domain of circumstantial evidence. We have been unable to find evidence of the movements or whereabouts of deceased after the Raynes sent for him and told him of the acts and conduct of appellant,—until we find in the record,—his body was in Karr's auto at the time above referred to. The facts seem to indicate that deceased was unconscious at the time he was in said car, was bloody and beaten up. He died the same night from injuries to his head, throat and chest. Witnesses who saw his body heard appellant say he inflicted the injuries. The cases cited in appellant's motion do not show a direct admission of the accused, but merely his statement of some fact from which the inference arose that he committed the crime involved.

It is also insisted that we erred in holding sufficient the verdict which found appellant guilty under counts one and two, and assessed his punishment at three years in the penitentiary. Appellant cites Jones v. State, 274 S. W. Rep., 566, and authorities there cited, including Modica v. State, 94 Texas Crim. Rep., 403, which authorities, he insists, are in point and support his contention. We think he is correct as to the Jones case, supra, but not as to the other cases cited. The rule seems well settled that if but one transaction is involved, and the offense be one which may have been committed in any one of several ways, the pleader may charge in the indictment in one count that such offense had been committed by doing this, and that, and the other, and there will be no duplicity, and need be but a verdict of guilty; or the pleader may set out in separate counts each one of the various ways in which it is claimed the offense might have been committed, in which event also there need be but a verdict of guilty. We think the opinion in the Jones case, supra, is erroneous since it is evident that but one offense was involved. See Williams v. State, 100 Texas Crim. Rep., 50. The Jones case is overruled. The pleader in that case had inserted two counts in the indictment, each containing one of the elements of the offense involved. The Modica case, supra, was altogether different. In different counts in that case theft was charged from different owners, which made inapplicable the rule above approved. A verdict of conviction

454

in that case meant a finding of guilt in one verdict for different crimes, and this could not stand.

In the case before us the pleader could have charged that the single offense involved was committed by striking, beating, choking and stamping,—in other words, could have included in one count, without duplicity, every act contributing to or thought to have caused death, or he could have done,—as he did,—and charged the choking in one count, the beating in another, and the stamping in another, but in our opinion a general verdict of guilty as charged in one or all would have but had the same legal effect as if there had been but one count with a verdict responsive. See Branch's Ann. P. C., Sec. 444; Byrd v. State, 90 Texas Crim. Rep., 418, and Strickland v. State, 116 Texas Crim. Rep., 506.

Appellant's motion for rehearing is overruled.

*Overruled.*