Enriqueta CARPENTER, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 04–95–00839–CR, 04–95–00840–CR.

Court of Appeals of Texas,
San Antonio.

April 16, 1997.

Rehearing Overruled May 21, 1997.

Discretionary Review Granted Dec. 3, 1997.

Mark Jon Blaess, San Antonio, for appellant.

Robert Lee Little, Assistant District Attorney, Eagle Pass, for appellee.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

RICKHOFF, Justice.

Enriqueta Diaz Carpenter, formerly County Judge of Maverick County, was convicted by a jury of two counts of tampering with government documents after she hid records left by a county prosecutor in the courtroom. In eleven points of error, she challenges the indictment, the selection of the jury, the jury charge and the trial court's decision to overrule a defense motion to suppress physical evidence and to limit cross-examination of a prosecution witness. We affirm the judgment of the trial court.

## FACTS

This case arises from the mishandling of a box of records pertaining to misdemeanor charges. As county judge of Maverick County, Carpenter's duties included hearing misdemeanor complaints. Ernest Mireles, chief complainant in the case, was county attorney; his duties included prosecuting complaints. The record suggests friction between judge and prosecutor.

On March 24, 1994, after a daylong session presenting complaints, Mireles left behind a box of records in the county courtroom. One of Carpenter's clerks found the box and brought it into the county judge's office. Carpenter told the clerk to put the box in the bathroom outside her office, which Carpenter locked. Mireles' clerk called shortly thereafter to ask about the box, without success. Mireles talked to Carpenter about the missing box shortly after that; he testified Carpenter told him she didn't know where it was. Carpenter later ordered the cases dismissed for want of prosecution.

On April 6, 1994, after getting a tip from one of the judge's employees, law enforcement officials appeared at the county judge's office with a "consent to search" form. The judge's secretary, Maria Luisa Herrera, first asked them to come back later but then signed the consent to search form. The searchers went directly to the bathroom and found the box. Two charges of tampering with government documents were subsequently filed against Carpenter; she was suspended from office and later removed on her conviction.

## CONSENT TO SEARCH

Defendant's Point of Error Two contends that the fruits of the search conducted on the county judge's office should be suppressed 1) Herrera did not have the authority to grant permission to search the bathroom where the

box was found, 2) the consent to search was not given freely and voluntarily, and 3) the search went outside the scope of any permission. The trial court denied the motion to suppress after a pretrial hearing.

At a suppression hearing, the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses, as well as the weight to be given their testimony. *Allridge v. State*, 850 S.W.2d 471, 493 (Tex. Crim.App.1991), *cert. denied*, 510 U.S. 831, 114 S.Ct. 101, 126 L.Ed.2d 68 (1993); *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Crim.App. [Panel Op.] 1980). The standard of review for consent to search questions is whether the trial court abused its discretion in finding consent sufficient and so denying defendant's motion to suppress. *DuBose v. State*, 915 S.W.2d 493, 495 (Tex.Crim.App.1996).

Here, the trial court ruled in favor of the State on defendant's motion to suppress. This determination is entitled to deference, not only on the facts found, but also the trial court's conclusions regarding the legal significance of those facts. *DuBose*, 915 S.W.2d at 497. In other words, the trial court's decision should only be reversed if it appears that the trial court applied an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion. *Id.* at 498.

**1. Authority to grant permission to search**

██ Carpenter contends Herrera did not have authority to grant permission to search her bathroom. A third party may properly consent to a search when he has control over and authority to use the premises being searched. *United States v. Matlock*, 415 U.S. 164, 171, 94 S.Ct. 988, 993, 39 L.Ed.2d 242 (1974); *Becknell v. State*, 720 S.W.2d 526, 528 (Tex.Crim.App.1986), *cert. denied*, 481 U.S. 1065, 107 S.Ct. 2455, 95 L.Ed.2d 865 (1987).

Evidence at trial showed the bathroom was in a hallway outside the county judge's office. The door was marked "County Judge's Office Only" and "Private." However, Herrera testified she could generally use the bathroom whenever she wanted, as could another employee in the county judge's office. The door was generally locked, but the key was usually kept on a bookshelf outside the bathroom door for the convenience of those who used it regularly.

We find this record supports the trial court's determination that Herrera had authority to grant permission to search the bathroom. *See, e.g., Garcia v. State*, 887 S.W.2d 846 (Tex.Crim.App.1994) (consent by landowner to search defendant's room effective when landlord had defendant's consent to store items in the room).

**2. Voluntariness of consent**

██ Carpenter also argues the state employed coercion to gain Herrera's consent to search. In general, the state must prove by clear and convincing evidence that consent was freely given. *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S.Ct. 1788, 1792, 20 L.Ed.2d 797, 802 (1968). For the consent to be voluntary, it must not be the product of duress or coercion, actual or implied. *Allridge*, 850 S.W.2d at 492. The burden to show voluntariness is not discharged by showing acquiescence to a claim of lawful authority. *Bumper*, 391 U.S. at 548, 88 S.Ct. at 1792, 20 L.Ed.2d at 802 (when peace officer represented he had a valid search warrant, consent not voluntary).

Whether the consent to search was in fact voluntary is to be determined from the totality of the circumstances. *Schneckloth v. Bustamonte*, 412 U.S. 218, 227, 93 S.Ct. 2041, 2047–48, 36 L.Ed.2d 854, 863 (1973); *Johnson v. State*, 803 S.W.2d 272, 286 (Tex.Crim. App.1990), *cert. denied*, 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991), *overruled on other grounds, Heitman v. State*, 815 S.W.2d 681 (Tex.Crim.App.1991).

Here Herrera testified that on the day of the search the sheriff, four other peace officers, and a television camera crew showed up at the judge's office. Herrera said the chief deputy told her he had to search Carpenter's office that day; that if she didn't consent he would just get a search warrant and search "whether you want to or not"; and that this was why she consented to the search.

Consent to search in the face of a threat from a peace officer to obtain a warrant is not enough to render the consent involuntary; it is merely one factor to be taken into account in evaluating voluntariness. *Grant v. State,* 709 S.W.2d 355, 357 (Tex.App.— Houston [14th Dist.] 1986, no writ); *Stephenson v. State,* 494 S.W.2d 900, 904–05 (Tex. Crim.App.1973). In evaluating voluntariness of consent, factors such as whether weapons were drawn or whether a person was in custody at the time consent was furnished are other important factors to be weighed in determining voluntariness. *Lowery v. State,* 499 S.W.2d 160 (Tex.Crim.App.1973); *see generally* WAYNE R. LAFAVE, 3 SEARCH AND SEIZURE § 8.2(b) (3d ed. 1996).

Here, while Herrera was confronted by uniformed peace officers who told her they would just go get a warrant if she did not consent to search, she was not in custody at the time, nor were weapons displayed. Furthermore, as secretary to the county judge, she should have been more accustomed to dealing with uniformed officers than the general public and so less likely to be intimidated by their presence. We find the trial court's implicit finding that consent to search was voluntarily given is supported by the record.

### 3. Scope of effective consent

■ The record showed that the records in question were located in the county judge's bathroom at the time of the search in question. Carpenter argues her employee did not give consent to search the bathroom, only the county judge's office. However, testimony showed the bathroom is part of a suite of offices which all the workers in the county judge's office shared and used on a regular basis.

We find this record supports the trial judge's conclusion that the consent to search was freely and voluntarily given and effective.

Carpenter's second point of error is overruled.

### IMPEACHMENT OF PROSECUTION WITNESS

■ In Carpenter's first point of error, she contends she should have been allowed to question prosecution witness Rudy Pete Rodriques about federal conspiracy charges pending against him at the time of this trial in order to develop bias or motive for his testimony. Carpenter argues that *Carroll v. State,* 916 S.W.2d 494 (Tex.Crim.App.1996) (plurality op.) holds that it is always error to limit the defendant's cross-examination of a state's witness regarding a pending charge. We disagree.

In *Carroll,* defendant was convicted of murder. He was not permitted to cross-examine one of the state's witnesses about an aggravated assault charge pending at the time of his testimony. Four judges held that it was error under any circumstance to prohibit this type of cross-examination. Judge Lawrence Meyers joined the majority opinion with one important caveat: he limited his concurrence to cases in which the same authorities are prosecuting both the witness and the defendant. "[S]hould these charges emanate from another jurisdiction or authority, I would hold that release of the information to the jury is subject to a discretionary ruling of the trial court under Rule 403 of the Texas Rules of Criminal Evidence." *Carroll,* 916 S.W.2d at 501 (Meyers, J., concurring).[1]

Meyers' concurrence exactly covers the situation we face today. We therefore look to TEX.RULE CRIM.EVID. 403 for further guidance.

Relevant evidence may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or if the jury could be misled or confused by its admission. TEX.RULE CRIM.EVID. 403. The task of balancing those factors to determine admissibility is for the trial judge, subject to review for abuse of discretion. *Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim. App.1986), *modified on other grounds, Hamel v. State,* 916 S.W.2d 491 (Tex.Crim.App. 1996); *Owen v. State,* 905 S.W.2d 434, 439 (Tex.App.—Waco 1995, pet. ref'd).

---

1. Judge Bill M. White joined Judge Meyers' opinion and concurred in the judgment only.

In our case, there was danger that allowing such cross-examination would confuse the jury, or tempt it to use the facts developed in an improper way. Because the federal charges in question were not a final conviction, Carpenter could only have used the pending charges to show improper bias or motive. She could *not* have used those charges to impeach Rodriques' credibility until a final conviction was obtained and appeals were exhausted on that conviction. TEX. R.CRIM.EVID. 609.[2] In fact, the danger of jury confusion was perfectly illustrated at oral argument, when Carpenter's counsel argued that since the federal charges implicated Rodriques' conduct as a peace officer, the charges were relevant to cast doubt on Rodriques' other actions as a peace officer. This use of those pending charges is banned by TEX.R.CRIM.EVID. 609.

Given these facts, we hold that the trial court did not abuse his discretion in excluding this line of cross-examination. Carpenter's first point of error is overruled.

## THE INDICTMENT

In Carpenter's points of error three through seven she complains: 3) that the trial court erred by not setting aside the indictment because it did not allege manner and means; 4) that the indictment improperly alleged three offenses in one paragraph; 5) that the trial court erred by allowing the indictment to be amended after a hearing on her motion to set aside the indictment; 6) that the trial court erred by granting the state's motion to amend the indictment on the day of trial; and 7) that the trial court erred by allowing the state to amend the indictment to charge Carpenter with additional and different offenses.

The indictment originally charged that Carpenter

did then and there, with the intent to defraud or harm Ernest Mireles, intentionally remove, conceal, and impair the availability of a government record, to-wit, the file folder of the county Attorney's Office relating to case number [ ] in the County Court of Maverick County, Texas, which is

styled "The State of Texas vs. [ ]", containing the following items concerning that case and the incident leading to that

case: [ ... ];

against the peace and dignity of the State.

### The Motion to Set Aside

Carpenter moved to set aside the indictment before trial because it did not allege the "manner and means" by which the crime was committed. Carpenter argues this was necessary because alleging "manner and means" is required when an act is capable of having both a criminal and an innocent construction. In such a case, an indictment which merely tracks the statutory language is insufficient; the state must allege the facts which make the act a criminal offense. *Ex parte Holbrook,* 609 S.W.2d 541, 543 (Tex.Crim.App. 1980); *Posey v. State,* 545 S.W.2d 162 (Tex. Crim.App.1977).

Indictments must inform the accused of the conduct complained of with sufficient clarity that she may prepare an adequate defense. *Drumm v. State,* 560 S.W.2d 944, 946–47 (Tex.Crim.App.1977). A motion to quash should be granted where the descriptive language about the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts she is charged with committing, and the motion will be allowed if the facts sought are essential to give notice. *Bynum v. State,* 767 S.W.2d 769, 778 (Tex.Crim.App.1989).

The record shows the State *did* amend the indictment to allege "manner and means"; the propriety of this amendment is the subject of Carpenter's points of error five through seven. We overrule Carpenter's third point of error as moot.

### Different Offenses in One Paragraph of the Indictment

■ In her fourth point of error, Carpenter argues the indictment alleges three different offenses in the same count of the indictment, in violation of TEX.CODE CRIM.P. § 21.24 (Vernon 1989).

The indictment paragraph in question reads: "[Carpenter] did then and there, with the intent to defraud and harm Ernest Mireles, intentionally remove, conceal, and impair the availability of a government record, to-wit ...". Carpenter argues this constitutes three separate offenses in one paragraph of the indictment; we disagree. It is long-settled law that if only one transaction is involved, and the offense is capable of being committed in several ways, that the indictment may allege alternative ways of committing an offense without being infirm. *McArthur v. State,* 132 Tex.Crim. 447, 105 S.W.2d 227, 230 (1937) (opinion on reh'g); *Aguirre v. State,* 732 S.W.2d 320, 325–326 (Tex.Crim.App.1987). Carpenter's fourth point of error is overruled.

**Amendment of the indictment**

■ Under her fifth point of error, Carpenter argues that the state should not be permitted to amend after a hearing on defendant's motion to set aside the indictment because that would make the hearing an advisory opinion.

The state moved to make two changes to the indictment: one substituted the word "and" for the word "or" in the phrase "with the intent to defraud or harm Ernest Mireles." The other amendment added the following language between the typewritten part of the indictment and the preprinted "against the peace and dignity of the State.":

> and that file folder and its contents belonged to, were received by, and were kept by the county Attorney's Office for information; and the said Enriqueta Carpenter did then and there remove the governmental record by taking a box containing it from the Commissioners Courtroom in the Maverick County Courthouse and concealed the governmental record from Ernest Mireles of the governmental record by placing the box containing it into the bathroom in the offices occupied by County Judge in the Maverick County Courthouse and leaving the box containing it there during the times that Ernest Mireles wanted the governmental record in relation to the duties of Ernest Mireles as County Attorney for Maverick County; and Enriqueta Carpenter did then and there in-

tend to cause Ernest Mireles what would reasonably be regarded as loss, disadvantage and injury;

Carpenter cites no authority for her argument. We note that TEX.CODE CRIM.P. art. 28.10(a) states that with notice, "a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences." We also note that Carpenter does not complain of a lack of notice in this amendment.

We overrule Carpenter's fifth point of error.

**Amendment of indictment after trial scheduled to start**

■ Under her point of error six, Carpenter argues that the trial court erred by allowing amendment of the indictment by the state on the date the trial was scheduled to start, but actually starting the trial the next day to avoid running afoul of TEX.CODE CRIM.P. art. 28.10's requirements.

Article 28.10(a) regulates amendment before trial on the merits commences, while (b) regulates amendment after trial on the merits commences. Amendments are not permitted on the date trial commences. *Sodipo v. State,* 815 S.W.2d 551 (Tex.Crim.App.1991)(opinion on rehearing).

Article 28.10(a) states that "a matter of form or substance in an indictment may be amended at any time before the date the trial on the merits commences." Carpenter urges us to construe "date" to mean the day the trial is scheduled to start. We are not persuaded. We think the better interpretation is that trial "commences" at the same point that double jeopardy attaches—that is, on the day the jury is sworn. *Hinojosa v. State,* 875 S.W.2d 339 (Tex.App.—Corpus Christi 1994, no pet.)

Carpenter's sixth point of error is overruled.

**Amendment to add an additional or different offense**

■ Under her point of error seven, Carpenter contends the indictment in this case was amended to add an additional or different offense, in violation of TEX.CODE CRIM. PROC.ANN. art. 28.10(c). However, the Court

of Criminal Appeals has interpreted the language of article 28.10(c) to mean the amended indictment must allege a different *statutory* offense, not merely add a missing element or change the name of a complainant, before it runs afoul of this article. *Flowers v. State*, 815 S.W.2d 724, 728–29 (Tex.Crim.App.1991). This amendment does not allege a different statutory offense. We also note that the amendment roughly conformed to Carpenter's complaint about the indictment in her motion to set aside; a party may not invite error and then complain about that error on appeal. *Ex parte Guerrero*, 521 S.W.2d 613, 615 (Tex.Crim.App.1975); *Ex parte Hargett*, 827 S.W.2d 606 (Tex.App.—Austin 1992).

We overrule Carpenter's seventh point of error.

## CHALLENGES TO JURORS

■ Under her eighth point of error, Carpenter argues the trial court should have allowed venireperson Barbara Allen to be excused for cause. Allen said she would have difficulty concentrating on the case at hand because her co-worker might have to miss work; being in a small office, Allen said, knowing her co-worker was out might cause her difficulty in concentrating on the case at hand.

A trial court may excuse for cause a juror when challenged by a party who shows the juror is incapable or unfit to serve on the jury. Tex.Code Crim.P. art. 35.16(a) (Vernon 1989). A challenge for cause can be made on a ground not listed in the statute where such challenge is based on facts that show the prospective juror would be "incapable or unfit to serve on the jury". *Mason v. State*, 905 S.W.2d 570, 578 (Tex.Crim.App.1995), *cert. denied*, — U.S. —, 116 S.Ct. 717, 133 L.Ed.2d 670 (1996) (venireman preoccupied with school); *Allridge*, 850 S.W.2d at 484 (venireman preoccupied with business). Challenges which are not based upon any ground specifically enumerated in the statutes are ordinarily addressed to the sound discretion of the trial court. *Allridge*, 850 S.W.2d at 484–85. Great deference is given to the decision of the trial court because the trial court is present to observe the venireperson, including the demeanor and tenor of

the voice of the venireperson. *Pyles v. State*, 755 S.W.2d 98, 107 (Tex.Crim.App.1988), *cert. denied*, 488 U.S. 986, 109 S.Ct. 543, 102 L.Ed.2d 573 (1988). The challenging party has the burden to prove, by a preponderance of the evidence, that her challenge is proper. *Jackson v. State*, 548 S.W.2d 685, 697 (Tex. Crim.App.1977).

In this case, the prospective juror said that while circumstances at work "possibly" could distract her from paying attention to the jury, she also stated she could work after hours to make up for her absence and "that doesn't bother me at all." We find this supports the trial court's decision to overrule defendant's challenge for cause. Carpenter's eighth point of error is overruled.

## THE CHARGE

■ In her ninth point of error, Carpenter argues the verdict form submitted in this case used special issues and did not have the form of a general verdict, as required by Tex.Code Crim.P. art. 37.07, § 1(a) (Vernon 1981).

When evaluating a jury charge a court must look to the verdict and charge as a whole for reversible error, as well as the state of the evidence, contested issues and weight of probative evidence and argument of counsel, as well as any other relevant information. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). When error in the jury charge is preserved by objection, reversal is required if there is some harm to Carpenter from the error. *Id.*

The complained-of jury verdict form offered the jury foreman the following choices:

*VERDICT OF THE JURY*

We, the Jury, find the Defendant, "GUILTY" of Tampering with a Governmental Record, with the intent to defraud or to harm Ernest Mireles, as charged in the Indictment.

———————————————————
Foreman

———————————————————

We, the Jury, find the Defendant, "GUILTY" of Tampering with a Govern-

mental Record, but do not find beyond a reasonable doubt intent to defraud or harm Ernest Mireles.

_____

Foreman

_____

We, the Jury, find the Defendant, "NOT GUILTY"

_____

Foreman

This form lays out the primary offense, the lesser included offense, and acquittal as options for the jury. Carpenter argues the difference between the primary charge and the lesser included offense is the equivalent of a special issue on whether Carpenter committed her act with the intent to harm Mireles. We think it constitutes an unusually clear and user-friendly verdict form in harmony with the requirements in Art. 37.07, sec. 1(a).

We overrule Carpenter's ninth point of error.

■■■ In her tenth point of error, Carpenter contends the charge authorized conviction on a theory not alleged in the indictment by leaving out vital language concerning the ownership of the files in question. This was preserved by Carpenter via objection at the charge conference.

Carpenter contends the charge left out a hotly contested element—namely, whether the files in question belonged to the county attorney, as opposed to the county clerk. She argues the jury had to find beyond a reasonable doubt that the files belonged to the county attorney because this was an element of the offense charged, and therefore these should have been in the application paragraph. We do not agree.

In the definitions section, the charge in question defines "governmental record" as "belonging to, received by, or kept by government for information." Because this alleged charge error was properly preserved, we look to the verdict and charge as a whole for reversible error, as well as the state of the evidence, contested issues and weight of probative evidence and argument of counsel, as well as any other relevant information.

*Almanza*, 686 S.W.2d at 171. When error in the jury charge is preserved by objection, reversal is required if there is some harm to Carpenter from the error. *Id.*

The offense of tampering with a government record is defined at Tex.Penal Code Ann. § 37.10(a)(3) (Vernon 1994):

(a) A person commits an offense if he:

. . . . .

(3) intentionally destroys, conceals, removes, or otherwise impairs the verity, legibility, or availability of a governmental record;

. . . . .

(c) Except as provided in Subsection (d), an offense under this section is a Class A misdemeanor unless the actor's intent is to defraud or harm another, in which event the offense is a felony of the second degree.

We frankly do not see how ownership of the files, even if contested, was material or even relevant to the matter at hand. We think the government had to prove beyond a reasonable doubt that the record in question was a government record; that language is in the statute, it is in the indictment and it is defined in the charge. Which government entity was entitled to custody of the record in question is not an element of the offense.

We overrule Carpenter's tenth point of error.

■■■ In her eleventh point of error, Carpenter argues the trial court erred because the charge did not include the admonishment that mere presence at the scene of the crime is insufficient to corroborate accomplice witness's testimony. While the charge did in fact include an instruction on mere presence, it was not in connection with corroboration of accomplice witness testimony.

Mere presence at the scene of a crime is insufficient to corroborate accomplice testimony. *Beathard v. State*, 767 S.W.2d 423 (Tex.Crim.App.1989). A defendant is entitled to an instruction to that effect if requested by the defendant and if the issue is raised by the evidence. *Golden v. State*, 851 S.W.2d 291, 294 (Tex.Crim.App.1993). However, be-

cause this error was not preserved by objection, we may only reverse if we find the error was so egregious and created such harm that she did not have a fair and impartial trial. *Almanza,* 686 S.W.2d at 171. In other words, we must determine whether the error affected the very basis of the case, deprived defendant of a valuable right, or vitally affected her defensive theory. *Id.* at 172. Once again, the whole of the record must be evaluated for any relevant information that impacts on this issue; *id.* at 171.

We question whether such an instruction on mere presence would have been appropriate had it been requested. Carpenter did not raise the issue of mere presence by her testimony because she did not testify. Also, the record includes a taped conversation between Carpenter and Texas Ranger Johnny Allen, made while Allen was first investigating the missing box of records. In that tape-recorded conversation Carpenter discussed how she told the employee who found the box what to do with it, and admits how she told Mireles's office she did not have the box of records when she did. This evidence certainly does not raise a question of mere presence at the scene of a crime and in fact preponderates the other way.

In any case, egregious harm is a difficult standard to prove and such a determination must be done on a case-by-case basis. *Hutch v. State,* 922 S.W.2d 166, 171 (Tex. Crim.App.1996) (plurality op.). We do not think Carpenter makes out a showing of egregious harm on this record.

We overrule Carpenter's eleventh point of error.

### CONCLUSION

The judgment of the trial court is affirmed