

**In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00043-CR

_____


CURTIS W. PORTLEY, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34995-B


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Curtis W. Portley[1] pled guilty to driving while intoxicated (DWI). After an adjudication of guilt, the trial court sentenced him to ten years' imprisonment, suspended imposition of the sentence, and placed him on community supervision for six years. The trial court found that Portley violated his community supervision and sentenced him to four years' imprisonment in the Texas Department of Criminal Justice–Institutional Division.

Portley challenges the trial court's jurisdiction over the revocation hearing, argues that the evidence was legally and factually insufficient for the trial court to find he violated his community supervision by consuming alcohol, and complains that his plea of true to another condition (driving a motor vehicle without a guardian interlock system) was involuntary. We affirm.

## I.      The Trial Court Had Jurisdiction Over the Revocation Proceedings

"At any time during the period of community supervision the judge may issue a warrant for violation of any of the conditions of the community supervision and cause the defendant to be arrested." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (Vernon Supp. 2009). It is undisputed that both the application to revoke Portley's community supervision and the order for arrest were filed before the expiration of the community supervision period.

---

[1]We note in the judgment of the trial court that the appellant's name was misspelled as "Curtic." We use the spelling of his signature and the spelling of his name on the other documents in the case, "Curtis," in this opinion.

Portley's issue is with the timing of the filings. The order of arrest, signed by the trial judge December 22, 2008, states that the application was presented to him on the 22nd. Yet, both the application for revocation of community supervision and the order for arrest have a file-mark stamp of December 24, 2008. Portley believes this proves the arrest was authorized before the application was even filed. He contends the trial court did not have jurisdiction for this reason. In support of his contention, Portley cites the following excerpt from *Brecheisen v. State*:

> Two requirements must be met for a trial court to acquire jurisdiction to revoke probation. The State must file with the trial court, before the expiration of the probationary period, a motion to revoke probation that alleges the probationer violated the terms of the probation judgment. The trial court must then, before the expiration of the probationary period, issue a capias based upon this motion that orders the arrest of the probationer.[2]

4 S.W.3d 761, 763 (Tex. Crim. App. 1999) (citations omitted).

In arriving at this conclusion, the Texas Court of Criminal Appeals quoted *Guillot*: "in order for the court to have jurisdiction to revoke probation both the motion to revoke and capias for arrest must be issued prior to the termination of the probationary period." *Guillot v. State*, 543 S.W.2d 650, 652 (Tex. Crim. App. 1976). The issue in these cases was whether the State had used diligence in both filing and issuing an arrest warrant before the probationary period expired, a matter which is unquestioned in this case.

---

[2]In *Wheat v. State*, we pointed out that the Texas Legislature amended Article 42.12 of the Texas Code of Criminal Procedure to extend the trial court's continuing jurisdiction to revoke community supervision after the expiration of the term of community supervision. 165 S.W.3d 802, 805 (Tex. App.—Texarkana 2005, pet. dism'd, untimely filed).

Here, the trial court's signed order of arrest specifically states the trial court was presented with an application for revocation of Portley's community supervision December 22, 2008, a fact this Court will not choose to ignore. There is no requirement that the application for revocation be filed with the clerk's office before the trial judge issues the warrant of arrest; it is not uncommon for such applications to be first presented to the judge and then filed with the arrest order. Further, in some instances district judges are authorized to file pleadings in their court.[3] We disagree with Portley that *Brecheisen* imposed a sequential requirement for the formal filing of the application and issuance of the arrest warrant. Instead, it required that in order to revoke community supervision after the term of community supervision has expired the State must prove that before the expiration of the community supervision period, (1) the State filed a motion to revoke and (2) a capias or arrest warrant was issued. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(e) (Vernon Supp. 2009).

We find the trial court had jurisdiction over the revocation proceeding.

## II.     Portley's Plea Relating to the Interlock Device Was Not Involuntary

If a person is placed on DWI community supervision, a court may "require as a condition of community supervision that the defendant have a device installed, on the motor vehicle owned by the defendant or on the vehicle most regularly driven by the defendant, that uses a deep-lung

---

[3]Generally, documents are filed with the clerk of the court; however, a judge may accept filing of a paper by noting the filing date thereon and transmitting it to the clerk's office. TEX. R. CIV. P. 74; *Garza v. State*, 919 S.W.2d 788, 789 (Tex. App.—Houston [14th Dist.] 1996, no pet.).

breath analysis mechanism," which disables the operation of the vehicle if alcohol is detected. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 13(i) (Vernon Supp. 2009). "The court shall require the defendant to obtain the device at the defendant's own cost before the 30th day after the date of conviction unless the court finds that to so do would not be in the best interest of justice." *Id.* "If the court determines the offender is unable to pay for the device, the court may impose a reasonable payment schedule." *Id.*

An award of community supervision is not a right, but a contractual privilege entered into between a court and a defendant. *Speth v. State*, 6 S.W.3d 530, 534 (Tex. Crim. App. 1999). For this reason, the law is well-settled that conditions of community supervision not objected to are affirmatively accepted as terms of the contract, and a defendant cannot challenge a condition of community supervision for the first time at a revocation proceeding. *Id.* at 535; *Vale v. State*, 486 S.W.2d 370 (Tex. Crim. App. 1972); *In re V.A.*, 140 S.W.3d 858, 860 (Tex. App.—Fort Worth 2004, no pet.) (defendant could not object that condition of community supervision was unreasonable at revocation hearing); *Lopez v. State*, 46 S.W.3d 476, 480 (Tex. App.—Fort Worth 2001, pet. ref'd) ("Under *Speth*, therefore, we are prohibited from hearing on appeal a challenge to the validity of a condition of community supervision unless an objection to that condition was made at the time the condition was imposed, presumably at sentencing . . . ."); *Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.).

The trial court's order establishing conditions of community supervision ordered Portley not to "drive a motor vehicle without a guardian interlock device . . . for three years." Because he now claims he did not have the financial means, Portley failed to purchase one. He admitted to the court that he did not abide by this condition of community supervision and pled true to the State's allegation of violation. He also testified in the revocation hearing that he regularly drove a motor vehicle without the device. Yet, Portley claimed this plea was involuntary because his counsel did not discuss the possibility that lack of funds for the device could have been a defense during the revocation proceedings. We overrule this for several reasons. First, the court did not require Portley to drive an automobile, but Portley knew that if he owned an automobile or regularly used one, he was required to install the device and pay for it. In fact, when community supervision was being assessed, Portley stated he understood fees would be imposed and verified he would pay them.[4] Despite that knowledge, Portley elected to drive an automobile without the device.

Second, Portley never advised the court of his inability to pay for the device in a timely fashion as contemplated by Article 42.12, Section 13(i) (which allows the trial court to determine a reasonable payment schedule if the court determines the probationer cannot pay for the device).

---

[4]Portley correctly recited that "[i]n a community supervision revocation hearing at which it is alleged only that the defendant violated the conditions of community supervision by failing to pay compensation paid to appointed counsel, community supervision fees, or court costs, the state must prove by a preponderance of the evidence that the defendant was able to pay and did not pay as ordered by the judge." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp. 2009). This statute is inapplicable in this revocation hearing since failure to pay for the interlock device, not a mandated fee under the statute since a defendant can choose not to drive, was not the only reason why Portley's community supervision was being revoked.

6

His recent claim of inability to afford the device is substantially weakened since he failed to make such claim from November 2007, when he was placed on community supervision, until his revocation proceeding in February 2009. We overrule this point of error.

## III. Evidence Was Sufficient to Revoke Portley's Community Supervision

The order of community supervision also prohibited Portley from drinking alcoholic or intoxicating beverages. The trial court found Portley violated this condition. Portley contends the evidence was legally and factually insufficient to support the court's finding. We disagree.

### A. Standard of Review

While the decision to revoke community supervision rests within the discretion of the trial court, it is not absolute. *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.). To revoke community supervision, the State must prove every element of at least one ground for revocation by a preponderance of the evidence. *Johnson v. State*, 943 S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *T.R.S.*, 115 S.W.3d at 320. "'Preponderance of the evidence' has been defined as the greater weight and degree of credible testimony." *T.R.S.*, 115 S.W.3d at 320. In other words, if the greater weight of credible evidence in this case created a reasonable belief that Portley violated a condition of community supervision, the standard was met. *Id.* at 321 (citing *Martin v. State*, 623 S.W.2d 391, 393 n.5 (Tex. Crim. App. [Panel Op.] 1981)).

In a revocation hearing, the trial judge is the sole trier of the facts and determines the credibility of the witnesses and the weight to be given to the testimony. *Id.*; *Lee v. State*, 952 S.W.2d

894, 897 (Tex. App.—Dallas 1997, no pet.); *Johnson*, 943 S.W.2d at 85. The judge may accept or reject any or all of a witness' testimony. *T.R.S.*, 115 S.W.3d at 321 (citing *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987)). Considering the unique nature of a revocation hearing and the trial court's broad discretion in the proceedings, the general standards for reviewing factual sufficiency do not apply. *Pierce v. State*, 113 S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. denied). Instead, we review the trial court's decision regarding community supervision revocation for an abuse of discretion and examine the evidence in a light most favorable to the trial court's order. *T.R.S.*, 115 S.W.3d at 321; *Pierce*, 113 S.W.3d at 436 (citing *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)). Thus, if the greater weight of credible evidence creates a reasonable belief a defendant has violated a condition of his or her community supervision, the trial court's order of revocation did not abuse its discretion and must be upheld. *Pierce*, 113 S.W.3d at 436 (citing *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)). If the State's proof is sufficient to prove any one of the alleged community supervision violations, the revocation should be affirmed. *T.R.S.*, 115 S.W.3d at 321 (citing *Stevens v. State*, 900 S.W.2d 348, 351 (Tex. App.—Texarkana 1995, pet. ref'd)).

### B.      Analysis

At the revocation hearing, Officer Debra Stiles testified she was dispatched to the scene of an assault where Portley was present. She stated:

> he had the smell of alcohol[ic] beverage coming from his breath. He was unsteady on his feet. He wanted to lean against the truck while we were talking, or against the

8

house, whatever we were standing close to. His eyes were bloodshot. And he–he continually repeated himself as if he had forgotten that he had already said it.

Stiles concluded Portley was under the influence of alcohol and was intoxicated.

Officer Cody Hargrove was also dispatched to the scene, and he testified that he smelled alcohol on Portley's breath and that Portley's speech was slurred. The officer recalled that Portley admitted he had been drinking. Portley denied drinking any alcohol that day.

Based on the testimony of the officers, we conclude the trial court did not abuse its discretion in finding, by a preponderance of the evidence, that Portley violated his community supervision by consuming an alcoholic beverage. Portley's last point of error is overruled.

## IV.      Conclusion

We affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:      October 26, 2009
Date Decided:       November 5, 2009

Do Not Publish

9